189 So. 793

## REYNOLDS v. STATE.

### 6 Div. 345.

Court of Appeals of Alabama.

June 6, 1939.

Boutwell & Pointer, of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., and Prime F. Osborn, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

■ The complaint, filed by the Solicitor in compliance with the Statute, is as follows:

"That, within twelve months before the commencement of this prosecution, in said County, said Winston Reynolds did set up, carry on, or was concerned in setting up or carrying on a lottery or device of like kind, or gift enterprise, or a scheme in the nature of a lottery or gift enterprise; or did sell or dispose of a lottery or gift enterprise ticket, or ticket in a scheme in the nature of a lottery or gift enterprise; or did receive money or take an order for a lottery or gift enterprise ticket, or a ticket in a scheme in the nature of a lottery or gift enterprise, or was interested or concerned in selling or disposing of a ticket in a lottery or gift enterprise, or a scheme in the nature of a lottery or gift enterprise or did act for or represent another person in selling or disposing of such a ticket, against the peace and dignity of the State of Alabama.

"Geo. Lewis Bailes, Solicitor.

"Filed in open Court on this 31st day of March, 1938."

The complaint sufficiently charges the offense denounced by Section 4247 of the Code of 1923, and is not subject to any of the demurrers interposed.

There are many questions raised by this record on the introduction of testimony and on objections to arguments made by the Solicitor. As we view this case, it will not be necessary to pass upon any of these questions.

■ Assuming that the State has proven the existence of a lottery, such as is denounced by the above Statute, before a conviction can be had there must be evidence connecting this defendant with the crime charged.

We have examined the testimony of the State and find there is an entire absence of any testimony tending to prove that this defendant was in any way connected with the so called lottery. Appellant's counsel has insisted upon this in brief served upon the Attorney General; and in the brief filed by the Attorney General, he has failed to point out to us any such evidence. It, therefore, follows that the defendant was entitled to the affirmative charge, and the refusal of the Court to give this charge constitutes reversible error.

The judgment is reversed and the cause is remanded.

Reversed and remanded.